J-S05037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TAJI LEE, | |
| Appellant | No. 512 MDA 2016 |

Appeal from the PCRA Order March 16, 2016
in the Court of Common Pleas of Centre County
Criminal Division at Nos.: CP-14-CR-0000333-2005
CP-14-CR-0000334-2005
CP-14-CR-0000335-2005
CP-14-CR-0000336-2005
CP-14-CR-0000793-2005

BEFORE:  BENDER, P.J.E., PANELLA, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 21, 2017**

Appellant, Taji Lee, appeals *pro se* from the dismissal of his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

We take the following factual and procedural history from our independent review of the certified record.  On May 26, 2006, a jury convicted Appellant of twenty-six counts of delivery of a controlled substance and possession of a controlled substance with intent to deliver, and related charges, which resulted from a series of controlled buys.  On

_____

[*] Retired Senior Judge assigned to the Superior Court.

July 19, 2006, the trial court sentenced Appellant to a term of imprisonment of not less than thirty nor more than sixty years. This Court affirmed the judgment of sentence on March 10, 2008, and our Supreme Court denied review on December 17, 2008. (*See Commonwealth v. Lee*, 953 A.2d 601 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 953 A.2d 1196 (Pa. 2008)).

On March 27, 2009, Appellant filed a timely first PCRA petition *pro se*. On May 27, 2009, appointed counsel filed an amended petition. The Commonwealth filed a motion to dismiss some of Appellant's claims without a hearing on October 15, 2009. Appellant failed to respond, and the court granted the motion on March 12, 2010. The court denied the remainder of Appellant's claims on April 23, 2012, after conducting an evidentiary hearing. Nearly four months later, on August 10, 2012, Appellant filed a *pro se* appeal,[1] which this Court quashed as untimely on September 26, 2012. The Pennsylvania Supreme Court denied review on April 8, 2013.

Appellant filed a second *pro se* PCRA petition on January 17, 2013,[2] seeking reinstatement of his appeal rights *nunc pro tunc*. The PCRA court

---

[1] On August 24, 2012, Appellant filed an application to remove his counsel, and requested to proceed *pro se*. The court granted the requested relief on August 28, 2012.

[2] Appellant filed his second and third PCRA petitions during the pendency of his appeals to the Pennsylvania Supreme Court, in violation of Pennsylvania Rule of Appellate Procedure 1701(a). *See* Pa.R.A.P. 1701(a). We remind

*(Footnote Continued Next Page)*

granted the petition on October 29, 2013, and Appellant timely appealed the PCRA court's decisions regarding his first PCRA petition on November 6, 2013 pursuant to the court's order. On December 23, 2014, this Court affirmed the denial of PCRA relief, and the Pennsylvania Supreme Court denied review on May 20, 2015. (*See Commonwealth v. Lee*, 116 A.3d 699 (Pa. Super. 2014) (unpublished memorandum), *appeal denied*, 116 A.3d 603 (Pa. 2015)).[3]

On March 5, 2015, Appellant filed the *pro se* PCRA petition currently under review. On March 9, 2015, the PCRA court appointed counsel, who filed a *Turner*/*Finley*[4] no-merit letter and application to withdraw. On May 28, 2015, the PCRA court granted Appellant's request for leave to file an amended petition within sixty days. On November 2, 2015, the court filed a notice of intent to dismiss the original petition without a hearing, and granted counsel's petition to withdraw. *See* Pa.R.Crim.P. 907(1). On November 6, 2015, Appellant filed a memorandum of law in support of his

*(Footnote Continued)* _____

Appellant that "when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000).

[3] We recognize that the Atlantic Second number for the Supreme Court precedes that of the Superior Court; however the citation provided above comports with that discovered in our research.

[4] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

request for the amendment of his PCRA petition to include an alternative claim for *habeas corpus* relief. (*See* Memorandum of Law in Support of Requested Amendment, 11/06/15, at 1). On November 12, 2015, Appellant filed a response to the Rule 907 notice. On December 9, 2015, the court ordered the Commonwealth to file a response to Appellant's amended petition. On March 2, 2016, the Commonwealth filed a timely response in the form of a motion to dismiss. On March 16, 2016, the PCRA court granted the Commonwealth's motion and dismissed the petition as untimely.[5] Appellant timely appealed.[6]

Appellant raises three questions for this Court's review:

1. Did the PCRA court err in failing to consider the threshold question regarding Appellant[']s constitutional challenge to the constitutionality of 42[]Pa.C.S.[A.] § 9545(b), regarding what statutory authorization authorizes the removal of jurisdiction

---

[5] The court properly treated Appellant's petition as seeking PCRA relief. It is well-established that "both the PCRA and the state *habeas corpus* statute contemplate that the PCRA subsumes the writ of *habeas corpus* in circumstances where the PCRA provides a remedy for the claim." *Commonwealth v. Hackett*, 956 A.2d 978, 985 (Pa. 2008), *cert. denied*, 556 U.S. 1285 (2009) (citations omitted); *see also* 42 Pa.C.S.A. § 9542; 42 Pa.C.S.A. § 6503(b) ("[T]he writ of *habeas corpus* shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law."). Here, Appellant challenges the legality of his sentence, which clearly is a cognizable claim under the PCRA, for which he may obtain relief. *See* 42 Pa.C.S.A. § 9542 (The PCRA "provides for an action by which . . . persons serving illegal sentences may obtain collateral relief.").

[6] On May 2, 2016, Appellant filed a timely statement of errors complained of on appeal pursuant to the PCRA court's order. The court filed an opinion on May 19, 2016. *See* Pa.R.A.P. 1925.

from the [PCRA] court, before denying Appellant[']s petition as untimely?

2. Did the PCRA court err in failing to review Appellant[']s amended petition under 42[]Pa.C.S.[A.] § 6503, given 42[] Pa.C.S.A § 9543[']s lack of potential remedy for the requested relief regarding re-sentencing?

3. Did the PCRA court err in failing to correct Appellant[']s unconstitutional sentence in violation of [his] equal protection right in light of 42[]Pa.C.S.[A.] §[]7508 being rendered unconstitutional, making Appellant[']s sentence void *ab initio*?

(Appellant's Brief, at 4) (unnecessary parentheses and capitalization omitted).

> This Court examines PCRA appeals in the light most favorable to the prevailing party at the PCRA level. Our review is limited to the findings of the PCRA court and the evidence of record[.] Additionally, [w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. In this respect, we will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. However, we afford no deference to its legal conclusions. [W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. . . .

*Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014), *appeal denied*, 101 A.3d 785 (Pa. 2014) (citations and quotation marks omitted).

Here, the PCRA court dismissed Appellant's petition on the basis that it was untimely, with no exception pleaded or proven. (*See* PCRA Court Opinion, 5/19/16, at 3). We agree.

It is well-settled that:

A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the

three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions. . . .

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

Here, Appellant's judgment of sentence became final on March 17, 2009, which was ninety days after the Pennsylvania Supreme Court denied review. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup. Ct. R. 13. Therefore, he had until March 17, 2010 to file a timely PCRA petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Accordingly, Appellant's current petition, filed on March 5, 2015, is untimely on its face, and we lack jurisdiction to consider its merits unless he pleaded and proved a timeliness exception.

Section 9545 of the PCRA provides only three exceptions that allow for review of an untimely PCRA petition: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly-recognized constitutional right. *See id.* A PCRA petition invoking one of

these statutory exceptions must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).[7]

In this case, Appellant utterly fails to plead and prove the applicability of any timeliness exception.[8] Instead, he claims that, because his sentence is illegal on the basis of *Alleyne v. United States*, 133 S. Ct. 2151 (2013),[9] and its progeny, it is not subject to the timeliness requirements of the PCRA, and, therefore, the PCRA court erred when it found it did not have jurisdiction. (*See* Appellant's Brief, at 32-33; *see also* Memorandum of Law in Support of PCRA Petition, 3/05/15, at 3). This argument fails.

_____

[7] Appellant arguably satisfies 42 Pa.C.S.A. § 9545(b)(2). The Pennsylvania Supreme Court decided *Alleyne* on June 17, 2013, at the same time that the PCRA court was considering Appellant's request to appeal *nunc pro tunc* from the denial of his first PCRA petition. Once the court granted permission to do so, Appellant immediately appealed *nunc pro tunc* and this Court affirmed the court's order. Thereafter, he filed his current petition, raising the newly recognized constitutional right claim "within sixty days of the date of the order which finally resolves the previous PCRA petition, because this is the first date the claim could have been presented." *Lark*, *supra* at 494 (citing 42 Pa.C.S.A. § 9545(b)(2)). However, as discussed *infra*, Appellant fails to plead and prove the applicability of the timeliness exception, or *Alleyne* (which is inapplicable on post-conviction review).

[8] Appellant quoted the newly recognized constitutional right exception in his memorandum in support of his PCRA petition, (*see* Memorandum in Support of PCRA Petition, 3/05/15, at 1), but did not discuss its applicability in this case, and maintains that this was "an accidental citation." (Appellant's Brief, at 33; *see id.* at 31); *see also* 42 Pa.C.S.A. § 9545(b)(1)(iii).

[9] The *Alleyne* Court held that "facts that increase mandatory minimum sentences must be submitted to the jury" and found beyond a reasonable doubt." *Alleyne*, *supra* at 2163.

First, we observe that, "[t]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies, thus depriving the [C]ourt of jurisdiction over the claim." *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (citation omitted); *see also Jones*, *supra* at 17 ("The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein.") (citation omitted). Therefore, Appellant's claim that he is not subject to the time limitations of the PCRA because he is alleging the illegality of his sentence fails.

Second, because of his mistaken belief that an illegal sentence claim can be raised in an untimely PCRA petition, Appellant fails even to attempt to plead or prove the applicability of a timeliness exception. Although he maintains that his sentence is rendered illegal by *Alleyne*, he admits that "the Pennsylvania Supreme Court held *Alleyne* not to be retroactive" to cases on collateral review. (Appellant's Brief, at 32 (citation omitted)); *see also Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016) (holding *Alleyne* does not apply to cases on collateral review, and that, therefore, appellant's sentence "is not illegal on account of *Alleyne*.").

Appellant's PCRA petition is patently untimely, and he utterly fails even to attempt to meet his burden to plead and prove the applicability of a timeliness exception. *See Jones*, *supra* at 16-17. Hence, we conclude that

the PCRA court's dismissal of Appellant's untimely PCRA petition for lack of jurisdiction is free of legal error. **See Henkel**, **supra** at 20.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/2017